IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HILTON LLOYD KELLER, #B-33552,   )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   CIVIL NO. 10-676-GPM
                                 )
BRAD THOMAS, *et al.*,           )
                                 )
            Defendants.          )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting

exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### FACTS ALLEGED IN COMPLAINT

On December 12, 2009, Plaintiff was attacked in his cell by his cellmate. Prior to this attack, Plaintiff made requests to Defendants Lauhead, Drake, Salsa, and Purdem that he be moved away from this violent cellmate, but these requests were denied. After being attacked on December 12, Plaintiff again requested that Defendants Lauhead, Drake, Salsa, and Purdem move him to a different cell, and again these requests were denied. On January 5, 2010, Plaintiff again was attacked by his cellmate, resulting in a black eye, a swollen jaw, scratches, a cracked tooth, and a deep bite mark on Plaintiff's shoulder. Plaintiff once again asked that Defendants Lauhead, Drake, Salsa, and Purdem move him, but this request again was denied. Plaintiff then requested that Defendants Lauhead, Drake, Salsa, and Purdem take him to receive medical treatment, but this request also was denied.

Plaintiff began a letter writing campaign to complain about this mistreatment. One of those letters was sent to the Director of the Illinois State Police, an unnamed party. On March 23, 2010, Plaintiff was called to a meeting with Defendant Thomas, who questioned Plaintiff regarding the contents of the letter. Defendant Thomas then told Plaintiff that because of the letter, Plaintiff would be receiving a disciplinary ticket for fighting.

On March 31, 2010, Plaintiff was seen by the adjustment committee consisting of Defendants Ashby and Lee. Despite Plaintiff's assurances that he was not an active participant in the fight, he was found guilty and sent to segregation.

## DISCUSSION

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Failure to Protect**

Plaintiff first alleges that Defendants Lauhead, Drake, Salsa, and Purdem failed to move Plaintiff to another cell after being told that his cellmate had attacked him. Plaintiff alleges that this amounts to a failure to protect him from a known harm. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *accord Luttrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997).

However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *see also Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know

that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff alleges that he informed Defendants Lauhead, Drake, Salsa, and Purdem on many occasions that his cellmate was dangerous and that he had been attacked by this cellmate at least twice. Based upon Plaintiff's allegations, it seems clear that Plaintiff not only was under a continued threat of harm, but that he also made Defendants Lauhead, Drake, Salsa, and Purdem aware of that harm and that they failed to correct the problem. For this reason, this claim against Defendants Lauhead, Drake, Salsa, and Purdem cannot be dismissed at this time.

**Count 2:  Medical Indifference**

Plaintiff next alleges that Defendants Lauhead, Drake, Salsa, and Purdem showed deliberate indifference to Plaintiff's medical needs when they refused to get him medical treatment after Plaintiff was attacked the second time by his cellmate. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer*, 511 U.S. 825. This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106; *see also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156

(1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996).

However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm …. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he "knows of and disregards an excessive risk to inmate health or safety."

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *accord Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury

instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff has alleged that after being attacked by his cellmate, he suffered from a black eye, a swollen jaw, scratches upon his face and neck, a cracked tooth, and a deep bite mark on his shoulder. Plaintiff also states that he showed these wounds to Defendants Lauhead, Drake, Salsa, and Purdem, but that his need for medical attention was ignored. Many of the wounds Plaintiff describes seem to be clearly visible, so that Defendants Lauhead, Drake, Salsa, and Purdem may have been on notice of their severity. This, coupled with the fact that Plaintiff specifically informed these Defendants that he needed medical attention, seems to indicate that Defendants may have deliberately ignored Plaintiff's need for medical attention. For this reason, this claim against Defendants Lauhead, Drake, Salsa, and Purdem cannot be dismissed at this time.

**Count 3: Retaliation**

Plaintiff finally alleges that Defendants Thomas, Ashby, and Lee retaliated against him for exercising his right to complain about prison conditions. Specifically, Defendant Thomas wrote Plaintiff a false disciplinary ticket after Plaintiff sent a latter complaining about conditions. Defendants Ashby and Lee used this false ticket to send Plaintiff to segregation. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989), *citing Turner v. Safley,* 482 U.S. 78, 89 (1987); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000).

Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam).

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573. In this case, Plaintiff alleges that he sent a letter complaining about the conditions of his confinement; that he was called into a meeting with Defendant Thomas regarding the letter; and that he then was issued a disciplinary ticket by Defendant Thomas, which led to a disciplinary hearing wherein he was sent to segregation by Defendants Ashby and Lee. Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this claim against Defendants Thomas, Ashby, and Lee at this point in the litigation.

### SUMMARY

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **LAUHEAD, DRAKE, SALSA, PURDEM, THOMAS, ASHBY**, and **LEE**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and a copy of this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms

were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court file nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **Magistrate Judge Wilkerson** for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.    Failure to comply with this order will cause a delay in the transmission of court documents and could result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  02/11/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge